*MHW*

**FILED**
MAR 2 8 2008
3-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff, | ) ) ) |
| VS. Rondell Freeman  Defendant. | ) NO. 07 CR 843 ) ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PRE-TRIAL RELEASE**

The United States of America sought the detention of defendant, Rondell Freeman, without bail during the pendency of this cause. This Honorable Court held that the defendant should be released pending the trial herein and held that if the defendant secured $ 700,000.00 in equity in property or otherwise, the defendant would be released on bond, over the objection of the Government. The defendant, by and through his counsel, Herb Goldberg and Associates, has secured surety in excess of the amount stated herein and seeks this Honorable Court to enter an order allowing the defendant's release on bail. The defendant states that the findings of this court in ordering the defendant released on conditions of bond were proper. In support thereof the defendant states as follows:

The defendant and the court were tendered the Social Investigation in this cause. After applicable corrections were made and argued, this Honorable Court held that based on the contents therein regarding his personal information and history he did not present a risk of flight. The defendant is a lawful

resident of the United States of America and is entitled to the protection of it's laws.

Upon reviewing the applicable facts of this cause and applying them to the following criteria, the defendant should not been detained, without bond, pending the trial of this cause. The findings of this Honorable Court allowing his release were proper.

"The Comprehensive Crime Control Act of 1984" created the Bail Reform Act of 1984 18 U.S.C. secs. 3141-3156. Before it's enactment the sole purpose of bail laws were to "assure the appearance of the defendant at judicial proceedings." See Senate Comm. on the Judiciary, Comprehensive Crime Control Act of 1983, S. Rep. No. 225, 98th Cong., Ist Sess. 1,3 (1983) U.S. Code Cong. and Ad. News 3182, 3185-3186 (S. Rep.). Under the new act, defendants could be detained without bond prior to trial to assure either the appearance of the defendant or the safety of the community. The purpose of this Act (S. Rep. at 3185) is; to permit consideration of community safety in setting conditions of bond; to permit pretrial detention for whom **no condition** of release will reasonably assure their appearance or the safety of the community; to prohibit the practice of detaining defendants by setting high money bonds; to permit temporary detention of defendants who are arrested while on a form of conditional release; and to de-emphasize the use of money bonds and encourage the use of alternative release conditions. Here many options are

available to the government to assure the defendant's appearance through all court proceedings to and including, daily report, home confinement and electronic monitoring.

In the cases of U.S. v. Holloway, 781 F. 2d 124, 125 (8th Cir. 1986), U.S. v. Traitz, 807 F. 2d 322, 325 (3d Cir. 1986) the courts recognized that although the Act permits for the pretrial detention, without bond, for defendants who are found to be too great a flight risk, or too dangerous to be released under any set of conditions, the legislative history is clear that detention "is to be the exception rather than the rule." **Congress made it clear that detention was intended for only a limited group of offenders.** The decision of Congress to provide for pretrial detention "is no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial." S. Rep. at 3189. In U.S. v. Orta, 760 F. 2d 887, 890 (8th Cir. 1985), the court emphasized that the Act did not signal Congress's "intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about a small but identifiable group of particularly dangerous defendants **as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons**. S. Rep. No. 225 at 3189.

3

It is clear that *detention is to be used only in "extreme" cases.* U.S. v. Berrios-Berrios, 791 F. 2d 246, 250 (2d Cir 1986). This is not one of those cases.

Sec. 3142(a) provides courts with four alternatives, each of which places increasingly severe restrictions on a defendant's liberty;

Release on recognizance; release on conditions; temporary detention; or detention without bond.

The court must progressively begin at the first alternative and the go through each indicating that the alternatives will not reasonably assure the appearance of the person or will endanger the community. The court still may not detain until it has determined that there is no condition or combination of conditions that will satisfy the purpose of the statute. Sec. 3142(c). See U.S. v. Orta, 890-891, supra.

The act must be strictly read as to it's requirements. U.S. v Hurtado, 779 F. 2d 1467, 1477 (11th Cir. 1985). The act should be followed to the letter of the law.

The factors enumerated in 3142(g) are to be considered in the release or detention hearing by the court. However, *the weight of the evidence against the defendant has been held to be the least important factor, because it requires courts to make pretrial determinations of guilt, thereby running afoul of the presumption*

4

*of innocence and turning the hearing into a mini-trial.* U.S. v. Motamedi, 767 F. 2d 1403, 1408 (9th Cir. 1985).

3142(b) continues the presumption previously in effect that release "shall" be ordered on personal recognizance or unsecured appearance bond for the "majority of Federal defendants. See U.S. v. Berrios-Berrios, supra., 250. "Reasonably assure" does not mean that defendants must "guarantee" their appearance in court. U.S. v. Fortna, 769 F. 2d 243, 250 (5th Cir. 1985).

Because of the aforementioned principles the government must rebut the initial presumptions in favor of unsecured release as delineated in sec. 3142(b) and show that release under conditions or 3142(c) is also not appropriate. The government must prove at a detention hearing that no combination of conditions will reasonably assure the appearance of the defendant. Sec. 3142(f) also see U.S. v Vortis, 785 F. 2d 327, 328 (D.C. Cir.) cert. denied, ___U.S.___, 93 L. Ed 2d 89 (1989). At a detention hearing however this section places on the government the burden of proof by clear and convincing evidence that the defendant will endanger the community if given unsecured release. This Honorable Court justifiably held that the defendant was not a danger upon release.

Sec. 3142(c)(2) is clear that the courts are required to impose the least restrictive conditions or combination of conditions. See. U.S. v. Beesley, 601 F. Supp. 82, 84 (N.D. Ga.

5

1984) where a detention order was reversed when less restrictive conditions would assure his appearance.

In the instant case, the Government had indicated that it seeks the defendant's detention because he is a flight risk, as well as a presenting a "danger" to the community.

In light of the drastic nature of the government's request more than the government's unsupported belief of flight should be required. Courts have unanimously held that detention based on risk of flight may only be ordered where the government has proved that no condition or combination of conditions will reasonably assure the presence of the defendant. U.S. v. Vortis, 785 F. 2d 327, 328 (D.C.), cert. denied, 93 L.Ed 89 (1986). Also in accord are cases in the 2-5, 8-9, and 11th Circuits.

The government must show more than mere opportunity for flight to sustain it's burden. In the Seventh Circuit in U.S. v Morantes, No. 86-1055 (Feb. 5, 1986) our court held that the "representations and surmise" of the government that the likely presence of the defendant's boyfriend in Mexico might cause her to flee were insufficient to meets its burden also see, U.S. v. Himler, 797 F. 2d 156, 161 (3d Cir. 1986).

Danger to the community can also be invoked but under limited circumstances. The lack of conditions to assure its safety must be established with a "high degree of certainty. See U.S. v. Portes, 786 F. 2d 758, 764 (7th Cir. 1985).

6

No evidence was presented in this cause to indicate that this defendant would continue in any illegal acts. He had presented evidence of strong family ties to the community. The government has not shown that he presents a danger at the present time.

A finding of danger cannot be based on past conduct, 'except to the extent that.. past conduct suggests the likelihood of future misconduct." U.S. v. Dominguez, 783 F. 2d 702, 707 (7th Cir. 1986). Therefore, a finding of probable cause does not support an inference that the defendant will return to illegal activities if released on bond. The defendant does not fit into the aforementioned category of persons who qualify for detention. As indicated he had lawful employment and could return to the same if need be, and if he was allowed to.

Here, the defendant has strong family ties. He is a father. He has family in the Chicago Area, who have appeared in court to support him. Ms. Teakla Irving, a long time resident of Chicago and a good citizen, has acted like a sister to the defendant. She is willing to be his custodian while on release, be his surety, and post lawfully owned real estate on his behalf to secure defendant's future obligations. She was and is also willing to assign her benefits of $ 680,000.00 which will be available **immediately** from her annuity, if he fails to return to court until this case is finally resolved. She understands that she would be subject to being held in contempt of this Court if she failed to

release said funds to the government. The defendant has worked in the community and has skills both as a father and as an person with employment potential. He has a place to live and work, if necessary, during the pendency of this cause.

The defendant has been truthful with the information he has provided the authorities herein regarding his past, to the best of his knowledge.

There is no evidence that any dangerousness was predicated upon "actual or threatened" violence. U.S. v. Howard, 691 F. Supp. 1398, 1400 (S.D. Fla. 1988). U.S. v. Ramirez, 843 F. 2d 256 (7th Cir. 1988).

The detention of the defendant is not warranted because there does exist other conditions, which could be attached to the defendant's release to protect all involved. These conditions include, but are not limited to, daily report to Federal authorities either in Chicago, Illinois and home confinement, or the use of electronic monitors.

The government has not proven that no other conditions exist that would assure the defendant's return to stand trial. The defendant is aware that if she fails to return to court after his release on bond additional penalties could be imposed in this cause and additional charges could be levied against him.

**Wherefore,** the defendant requests that this court enter an order ordering the defendant's release, as previously ordered,

8

conditioned upon whatever matters this Honorable Court deems necessary and proper.

Respectfully Submitted by:

Herb Goldberg and Associates
Attorneys for Rondell Freeman
224 Linden Park Place
Highland Park, Ill. 60035
(312) 320-8126